IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM REDDING, JR., | ) | |
| AIS #248183, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-519-MEF |
| | ) | [WO] |
| KENNETH JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Robert William Redding, Jr. ["Redding"], an indigent state inmate, challenging actions which occurred during his confinement at the Bullock County Correctional Facility. Specifically, Redding alleges the defendants failed to place him in protective custody after he notified them that he owed other unidentified inmates money thereby causing him to "live in danger" of potential attacks. Compl. (Doc. No. 1) at 3. The order of procedure specifically directed Redding to immediately inform the court of any change in his address. Order of December 11, 2012 (Doc. No. 9) at 5.

On January 2, 2013, this court entered an order, a copy of which the Clerk mailed to Redding. The postal service returned this order because Redding no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that, on or before January 25, 2013, Redding inform the court of his present

address. Order of January 15, 2013 (Doc. No. 17). The order specifically advised Redding that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The court has received no response from Redding to the aforementioned order nor has Redding provided the court with a current address in accordance with the directives of the order of procedure. As is clear from the foregoing, Redding has failed to comply with the directives of the orders entered by this court and this case cannot properly proceed in his absence. It likewise appears that Redding is no longer interested in the prosecution of this case. The court therefore concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that on or before **February 15, 2013**, the parties may file objections to

the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of February, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE